IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

WESTERN SECTION

MOTION UNDER 28 U.S.C. SECTION 2255,
TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A
PERSON IN FEDERAL CUSTODY

**04-30193-MAP**

| UNITED STATES OF AMERICA | FCI, Fort Dix, New Jersey |
| --- | --- |
|  | PLACE OF CONFINEMENT |
|  |  |
|  | 02689-748 |
| vs. | PRISONER ID NUMBER |
|  |  |
| EMILIO FUSCO | CR-00-30036MAP |
| MOVANT (Full name of movant) | CRIMINAL CASE NUMBER |

(If movant has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

---

INSTRUCTIONS - READ CAREFULLY

1. This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2. Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3. Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

4.  If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration provided with this motion, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

5.  Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgement.

6.  Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

7.  When the motion is fully completed, <u>the original and two copies</u> must be mailed to the Clerk of the United States District Court for the         District of Mass. at the appropriate divisional office whose address is:  1550 Main Street, Springfield, MA 01103

8.  Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

## MOTION

1. Name and location of court which entered the judgment of conviction under attack:
   U.S. District Court For the District of Masschusetts, Western Section

2. Date of judgment of conviction: September 25, 2003

3. Length of sentence: 33-months incarceration, three-years Supervised Release.

4. Nature of offense involved (all counts):
   Conspiracy to participate in affairs of enterprise through racketeering and conspiracy to launder money (in violation of 18 U.S.C. §§ 1962(d) and 1956(h) respectively).

5. What was your plea? (Check one)

   ☐ Not Guilty     ☒ Guilty     ☐ Nolo contendere

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   Movant was charged in a 25 count 'Superseding Indictment', Movant pled guilty to Count one of a 'superseding information' and count 24 of the 'Superseding Indictment'. The remaining counts were dismissed.

6. Kind of trial: (Check one)     ☐ Jury          ☒ Judge Only

7. Did you testify at the trial?  ☐ Yes          ☒ No

8. Did you appeal from the judgment of conviction?   ☐ Yes   ☒ No

9. If you did appeal, answer the following:
   Name of Court: N/A
   Result: N/A
   Date of result: N/A

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?

   ☐ Yes    ☒ No

11. If your answer to 10 was "Yes" give the following information:

   Name of Court: __N/A__

   Nature of proceeding: __N/A__

   Grounds raised: __N/A__

   Did you receive an evidentiary hearing on your petition, application or motion?

   ☐ Yes    ☐ No    N/A

   Result: __N/A__

   Date of Result: __N/A__

   As to any *second* petition, application or motion, give the same information:

   Name of Court: __N/A__

   Nature of proceeding: __N/A__

   Grounds raised: __N/A__

   Did you receive an evidentiary hearing on your petition, application or motion?

   ☐ Yes    ☐ No    N/A

- 4 -    CONTINUED ON NEXT PAGE

Result: N/A

Date of Result: N/A

As to any *third* petition, application or motion, give the same information:

Name of Court: N/A

Nature of proceeding: N/A

Grounds raised: N/A

Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes    ☐ No   N/A

Result: N/A

Date of Result: N/A

Did you appeal to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion.

| | | |
|---|---|---|
| First petition, etc. | ☐ Yes | ☐ No   N/A |
| Second petition, etc. | ☐ Yes | ☐ No   N/A |
| Third petition, etc. | ☐ Yes | ☐ No   N/A |

If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

- 5 -                                                CONTINUED ON NEXT PAGE

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

**CAUTION**: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you <u>should raise in this petition all available grounds</u> (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

<u>DO NOT CHECK ANY OF THESE LISTED GROUNDS</u>. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

- (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

- (b) Conviction obtained by use of coerced confession.

- (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

- (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

- (e) Conviction obtained by a violation of the privilege against self-incrimination.

- (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

- (g) Conviction obtained by a violation of the protection against double jeopardy.

- (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.

- (i) Denial of effective assistance of counsel.

- (j) Denial of right to appeal.

A. Ground One: See Attachment "A", attached hereto and made a part hereof.

Supporting FACTS (tell your story briefly without citing cases or law):
See Attachment "A", attached hereto and made a part hereof.

B. Ground Two: See Attachment "A", attached hereto and made a part hereof.

Supporting FACTS (tell your story briefly without citing cases or law):
See Attachment "A", attached hereto and made a part hereof.

C. Ground Three: N/A

Supporting FACTS (tell your story briefly without citing cases or law):
N/A

D.  Ground Four: N/A

Supporting FACTS (tell your story briefly without citing cases or law):
N/A

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

The proper remedy used to litigate these grounds are 28 U.S.C. § 2255

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?

☐ Yes    ☒ No

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein: N/A

   (a) At preliminary hearing: Anthony M. Cardinale, Esq. 655 Summer St. Boston, MA 02210

(b) At arraignment and plea: Same as ¶ (a)

(c) At trial: Anthony M. Cardinale, Esq. 655 Summer St. Boston, MA 02210

(d) At sentencing: Same as ¶ (c) above

(e) On appeal: None

(f) In any post-conviction proceeding: N/A (pro se now)

(g) On appeal from any adverse ruling in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

☒ Yes   ☐ No

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

☐ Yes   ☒ No

   CONTINUED ON NEXT PAGE

(a) If so, give name and location of court which imposed sentence to be served in the future:
N/A

(b) And give date and length of sentence to be served in the future:
N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

☐ Yes    ☐ No   N/A

Wherefore, movant prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

_____
Firm Name

_____
Address

_____
City, State & Zip Code

_____
Telephone (including area code)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on September 15, 2004 (date).

*Emilio Fusco*
Signature of Movant

ATTACHMENT "A"

**GROUND ONE:** MOVANT'S WAIVERS WERE NOT MADE KNOWINGLY [AND] VOLUNTARY, [AND] THEY WERE BASED ON ADVICE OF INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, BECAUSE MOVANT IS NOT BOUND BY THE WAIVER PROVISIONS IN THE PLEA AGREEMENT, [AND/OR] MOVANT DID NOT WAIVE CERTAIN RIGHTS, ADDITIONAL GROUNDS MAY BE RAISED IN HIS 28 U.S.C. § 2255 MOTION.

**SUPPORTING FACTS FOR GROUND ONE:** Movant avers that the waiver(s) of rights were not made knowingly and voluntarily, because Movant did not receive reasonably effective assistance of counsel in connection with his decision to waive his rights.

The record plainly shows that counsel failed in their responsibility to investigate potential defenses [and] consequences so that Movant oculd make informed decisions as to whether to waive his rights.

Without pretrial counsel's ineffectiveness Movant avers that he would have elected to exercise his rights to a fair sentencing proceeding.

Without sentencing counsel's ineffectiveness Movant avers that he would have received a substantially lesser sentence.

Movant raises issues that were waived by the guilty plea and plea agreement. Although Movant waived his § 2255 right to contest the legality of his conviction and/or any issue of fact, evidence, law, mental competency and effectiveness of counsel in the plea agreement, Movant is not bound by the waivers if this court finds that the waivers were not knowingly and voluntarily made and due to being based on the advice of ineffective counsel, and are not enforceable. In the case at bar the whole record reeks of ineffectiveness of counsel at **all** pretrial, rearraignment and sentencing stages. Ground two infra in-and-of-itself shows that the United States Supreme Court has established that Movant was denied effective assistance of counsel at all of these stages.

As the record reflects, counsel had no idea as to the unconstitutionality of the manner the sentencing guidelines were being applied against Movant. This is the gravament of the **Brady** Court's findings, "the Supreme Court unanimously

1

concurred that an intelligent assessment of the relative advantages fo pleading guilty is frequently impossible without the assistance of an attorney." Necessarily, the value of assistance of counsel is directly related to whether counsel possesses the means necessary to inform the defendant of the penalty likely to be imposed in the event of a guilty plea.

**GROUND TWO:** THE TRIAL COURT DENIED MOVANT: HIS RIGHT TO FAIR NOTICE; JURY TRIAL [AND] A FAIR SENTENCING PROCEEDING, THEREFORE, THE TRIAL COURT LACKED JURISDICTION TO IMPOSE SUCH SENTENCE AUTHORIZED BY LAW; [AND] THE SENTENCE WAS IMPOSED IN VIOLATION OF THE CONSTITUTION [AND] LAWS OF THE UNITED STATES AS APPLIED BY THE BLAKELY/APPRENDI RULE(S), IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

**SUPPORTING FACTS**
**FOR GROUND TWO:**

A.   <u>Movant Was Denied His Right Afforded By The "Fair Notice" [Sub]clause Of The Grand Jury Clause Of The Fifth Amendment To The United States Constitution</u>.

The trial court lacked jurisdiction to depart upward from a Statutory Standard Sentencing Range (Sentencing Guideline Statutory "<u>Base</u> Offense Level") based on factors/elements (other than a prior conviction) that were not charged in the instant charging instrument(s), in violation of the Fifth Amendment to the United States Constitution.

1.   The United States Supreme Court in <u>Blakely/Apprendi</u> held "that any additional fact such as a managerial role pursuant to U.S.S.G. § 3B1.1 that would increase a maximum sentence other than **solely on the facts reflected in the charging instrument**, [and] in the jury verdict or admitted by the defendant is considered an essential element of the offense(s) of conspiracy to participate in affairs of enterprise through racketeering and conspiracy to launder money (in violation of 18 U.S.C. §§ 1962(d) and 1956(h) respectively), is not a sentencing factor. This essential element was lacking in each of the charging instruments.

Because both counts of Movant's charging instruments lacks this essential

2

element, the charging instruments are therefore 'fatally flawed'. Any sentence enhanced above the "Statutory Standard Sentencing Range" ("Guideline <u>Base</u> Offense Level") amounted to a constructive amendment of the charging instrument.

    2.    The United States Supreme Court in <u>Blakely/Apprendi</u>, <u>supra</u>, held "that anything that enhances the statutory standard sentencing range" ("Guideline <u>Base</u> Offense Level") is an essential element of the offense, not a sentencing factor. The essential element must be charged in the charging instrument.

Because the Supervised Release of (3) years was not charged in the charging instruments, Movnat's charging instruments lacks this essential element, the charging instruments are therefore 'fatally flawed'. [Any] period of Supervised Release ordered constitutes an increase of the "Statutory Standard Sentencing Range" ("Guideline <u>Base</u> Offense Level") amounts to a constructive amendment of the charging instruments.

    3.    The United States Supreme Court in <u>Blakely/Apprendi</u>, <u>supra</u>, held "that anything that enhances the Statutory Standard Sentencing Range" ("Guideline <u>Base</u> Offense Level") is an essential element of the offense, not a sentencing factor. This essential element must be charged in the charging instrument.

Because the $20,000.00 fine was not charged in the charging instruments, Movant's charging instruments lacks this essential element, the charging instruments is therefore 'fatally flawed'. [Any] amount of fine ordered constitutes an increase of the "Statutory Standard Sentencing Range" ("Guideline <u>Base</u> Offense Level") amounts to a constructive amendment of the charging instruments.

B.    <u>Movant Was Denied his Right To Jury Trial Afforded By The Sixth Amendment To The United States Constitution.</u>

The trial court lacked jurisdiction to depart upward from a "Statutory Standard Sentencing Range" ("Guideline Statutory <u>Base</u> Offense Level") based on factors/elements that were not proven to a jury beyond a reasonable doubt, nor admitted by Movant, in violation of the Sixth Amendment to the Constitution of

3

the United States.

    1.    The United States Supreme Court held in Blakely/Apprendi, supra, "that the enhancement for relevant conduct such as 'Managerial Role' as mentioned in ¶ (A)(1); Supervised Release as mentioned in ¶ (A)(2); and Fine as mentioned in ¶ (A)(3) hereinabove are essential elements and must be proven to a Jury "beyond a reasonable doubt."

The trial court lacked jurisdiction to depart upward from a Statutory Standard Sentencing Range (Sentencing Guideline "Base Offense Level") based on factors (other than a prior conviction) that was neither charged in the charging instruments, nor proven to a Jury beyond a reasonable doubt, in violation of the Fifth and Sixth Amendments to the United States Constitution.

The rule set forth in Apprendi, supra, is confined to facts "that increase the penalty for a crime beyond the prescribed Statutory Maximum. Id. 530 U.S. 490. (emphasis added).

The rule set forth in Blakely, supra, is confined to defining what the Statutory Maximum Penalty is as prescribed in Apprendi, supra. The Blakely Court defined the Statutory Maximum Penalty as the "Statutory Standard Base Offense Level".

The procedure in the United States Sentencing Reform Act of 1984/Title II of the Comprehensive Crime Control Act of 1984 [United States Sentencing Guidelines] for finding aggravating/enhancement facts necessary to impose an exceptional sentence upward violate the plain terms of the Apprendi rule. In Apprendi, the United States Supreme Court held that any fact that, "if found, exposes the criminal defendant to a penalty exceeding the maximum he would receive if punished according to the facts reflected in the [guilty] verdict alone" must be charged in the indictment and proven to a jury beyond a reasonable doubt. Id. 530 U.S. 466, 483 (2000). Aggravating/Enhancement facts under the Act have this precise effect. By finding such a fact, a sentencing court may impose a sentence

that is longer than the top of the otherwise mandatory statutory standard sentencing range. Yet the Act permits Judges (not juries) to find aggravating/enhancement facts, and the applicable standard is a preponderance of the evidence (not beyond a reasonable doubt standard).

In Movant's particular case, in count one of the 'superseding information' U.S.S.G. § 2E1.1 has a "Statutory Standard **Base** Offense Level of ninteen (19)" (with the three level downward adjustment for acceptance of responsibiltity) adjusted to level sixteen (16). "Statutory Standard **Base** Offense Level sixteen (16) subjects Movant to a "Statutory Standard Sentencing Range" of twenty-one to twenty-seven (21-27) months based on the facts encompassed in the charging instruments and admitted by Movant. ("E.R. four, p. 7 - p. 26, line 24").

The trial court, using the "by a preponderance of the evidence standard," rather than the beyond a reasonable doubt standard, found aggravating/enhancement factors/elements--

> **(i)** Defendant's adjusted offense level on count one of the 'superseding information' is <u>23</u> under U.S.S.G. §§ 2E1.1(a)(2), 2E2.1(a), 2E3.1(a)(1) and 3B1.1(c) (2-point aggravating role).
>
> **(ii)** Defendant's adjusted offense level on count 24 of the 'superseding indictment' is <u>17</u> under U.S.S.G. §§ 2S1.1(a)(1), (b)(2)(B), nad 3B1.1(b)(3)(3-point aggravating role).
>
> **(iii)** Under U.S.S.G. §§ 1B1.1(d) and 3D1.3(a) combined adjusted offense level (i.e., before consideration of acceptance of responsibility) is <u>23</u>.
>
> **(iv)** Defendant falls in Criminal History Category I.
>
> **(v)** Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction, Defendant's adjusted offense level under U.S.S.G. § 3E1.1 is <u>20</u>.

In Movant's particular case, in count twenty-four of the 'superseding indictment' U.S.S.G. § 2S1.1 has a "Statutory Standard **Base** Offense Level of fourteen (14)(with the three level downward adjustment for acceptance of responsibility adjusted to level eleven (11). "Statutory Standard Sentencing Range" of eight to fourteen (8-14) months based on the facts encompassed in the charging instrument and admitted by Movant. ("E.R. four, p. 19, line 7 - p. 26, line 24").

5

The trial court, using the "by a preponderance of the evidence standard," rather than the beyond a reasonable doubt standard, found aggravating/enhancement factors/elements--(see items **(i)-(v)** in the foregoing paragraph (B)(1)--that enabled it to impose a sentence that was six (6) months longer than the twenty-seven (27) month statutory limit. In direct violation of Blakely/Apprendi, the[se] aggravating factors were neither plead in the charging instruments, nor proven to a Jury beyond a reasonable doubt.

In Blakely, supra, the United States Supreme Court, June 24, 2004 revisited Apprendi, supra, to refine the meaning of the Sixth Amendment's jury trial right. Under Apprendi, any fact, other than a prior conviction, that increases a defendant's sentence beyond the applicable [S]tatutory Maximum **must** be submitted to a jury and proven beyond a reasonable doubt. The central issue in the Blakely case was whether the standard sentencing range (Sentencing Guideline Range) [or] the exceptional sentence is the statutory maximum sentence for Apprendi purposes. The Supreme Court held "that any factor that increases the Sentencing Guideline Range, like Apprendi **must** meet the proof beyond a reasonable doubt standard, rather than the previous, by a preponderance of the evidence standard.

Movant, like petitioner in Blakely, supra, avers that this sentencing procedure deprived him of his federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence.

The difference between the 33-month sentence imposed, and the 27-month maximum sentence that could have been imposed but for ineffective assistance constitutes prejudice under the Strickland/Glover rule(s).

> **An Evidentiary** Hearing And Discovery Will Be Necessary To Resolve Factual Matters In And Out Of The Record, Expand The Record, And To Significantly Aid The Court In The Decisional Process.

Movant's allegations are not negated by the record, indeed, they are supported by the record. It is averred that the Court needs to hold an eviden-

6

tiary hearing to "decide all of these unresolved factual allegations which, if true as Movant avers supports a Constitutional claim. Further, Movant brings to the Court's attention unresolved allegations that are expressly not negated by the record which will support his Constitutional claim(s). Therefore, this Court should hold an evidentiary hearing, unless the Court finds that Movant's motion and the record as constituted show that relief is available without an evidentiary hearing.

*Emilio Fusco*
EMILIO FUSCO, 02689-748
Movant/Defendant.

7