**04-30193-MAP**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION

| | | |
|---|---|---|
| EMILIO FUSCO, | § | |
|     Movant, | § | |
| vs. | § | Docket No. CIV._____ |
| | § | CRIM. NO. 00-30036 |
| UNITED STATES OF AMERICA, | § | U.S. District Judge, |
|     Respondent. | § | Michael A. Ponsor |

<u>MOTION FOR LEAVE TO FILE HIS PRO SE</u>
<u>MOTION UNDER 28 U.S.C. SECTION 2255,</u>
<u>TO VACATE, SET ASIDE, OR CORRECT SENTENCE</u>
<u>BY A PERSON IN FEDERAL CUSTODY</u>

**COMES NOW** the Movant, Emilio Fusco, (hereinafter "Movant") pro se., and in want of counsel and would move this Honorable Court "For Leave To File His Pro se., Motion Under 28 U.S.C. § 2255, To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody." In support thereof Movant would further show as follows:

Movant was sentenced by this court on September 19, 2003, and judgment was signed on September 25, 2003, ("E.R. three"), where upon Movant was sentenced to a term of 33-months' imprisonment to be followed by (3)-years' supervised release, concurrently on count one of the 'superseding information' and count twenty-four of the 'superseding indictment' each, and fine of $20,000.00 and special assessment of $200.00.

At the time of Movant's guilty plea Movant waived his rights to collateral remedies. Since that date, on June 24, 2004 the United States Supreme Court handed down its ruling in <u>Blakely v. Washington</u>, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). This Supreme Court ruling calls into question the validity of Movant's waivers. Movant would show as follows how the <u>Blakely</u> ruling invalidates his waivers and entitles him to collateral relief.

1

**GROUND ONE:** MOVANT'S WAIVERS WERE NOT MADE KNOWINGLY [AND] VOLUNTARY, [AND] THEY WERE BASED ON ADVICE OF INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, BECAUSE MOVANT IS NOT BOUND BY THE WAIVER PROVISIONS IN THE PLEA AGREEMENT, [AND/OR] MOVANT DID NOT WAIVE CERTAIN RIGHTS. ADDITIONAL GROUNDS MAY BE RAISED IN 28 U.S.C. § 2255 MOTION.

Movant avers that the waiver(s) of rights in the case at bar were not made knowingly and voluntarily, because Movant did not receive reasonably effective assistance of counsel in connection with his decision to waive his right(s)

The record from pretrial-thru-sentencing plainly shows on its face that counsel failed their responsibility to investigate potential defense facts and evidence so that Movant could make informed decision(s) to: waive his rights' plead guilty and receive a fair sentencing proceeding.

Without pretrial counsel's ineffectiveness Movant avers that he would have elected to exercise his rights to a fair sentencing proceeding.

Without sentencing counsel's ineffectiveness Movant avers that he would have received a substantially lesser sentence.

Movant raises issues that were waived by the guilty plea and plea agreement. Although Movant waived his § 2255 right to contest the legality of his conviction and/or any issue of fact, evidence, law, mental competency and effectiveness of counsel in the plea agreement, Movant is not bound by the waivers if this court finds that the waivers were not knowingly and voluntarily made and due to being based on the advice of ineffective counsel, and are not enforceable. In the case at bar the whole record reeks of ineffectiveness of counsel at all pretrial, rearraignment and sentencing stages. Ground two infra in-and-of-itself shows that the United States Supreme Court has established that Movant was denied effective assistance of counsel at all of these stages.

As the record reflects, counsel had no idea as to the unconstitutionality of the manner the sentencing guidelines were being applied against Movant. This is the gravamen of the <u>Brady</u> Court's findings, "the Supreme Court unanimously

2

concurred that an intelligent assessment of the relative advantages of pleading guilty is frequently impossible without the assistance of an attorney." Necessarily, the value of assistance of counsel is directly related to whether counsel possesses the means necessary to inform the defendant of the penalty likely to be imposed in the event of a guilty plea. See Brady v. United States, 397 U.S. 742, at 748 (1970).

**GROUND TWO:** THE TRIAL COURT DENIED MOVANT: HIS RIGHT TO FAIR NOTICE; JURY TRIAL [AND] A FAIR SENTENCING PROCEEDING, THEREFORE, THE TRIAL COURT LACKED JURISDICTION TO IMPOSE SUCH SENTENCE AUTHORIZED BY LAW; [AND] THE SENTENCE WAS IMPOSED IN VIOLATION OF THE CONSTITUTION [AND] LAWS OF THE UNITED STATES AS APPLIED BY THE BLAKELY/APPRENDI RULE(S), IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

A. Movant Was Denied His Right Afforded By The "Fair Notice" [Sub]clause Of The Grand Jury Clause Of The Fifth Amendment To The United States Constitution.

The trial court lacked jurisdiction to depart upward from a Statutory Standard Sentencing Range (Sentencing Guideline Statutory "Base Offense Level") based on factors/elements (other than a prior conviction) that were not charged in the instant charging instrument(s), in violation of the Fifth Amendment to the United States Constitution.

1. The United States Supreme Court in Blakely/Apprendi, supra, held that any additional fact such as a managerial role pursuant to U.S.S.G. § 3B1.1 that would increase a maximum sentence other than **solely on the facts reflected in the charging instrument**, [and] in the jury verdict or admitted by the defendant is considered an essential element of the offense(s) of conspiracy to participate in affairs of enterprise through racketeering and conspiracy to launder money (in violation of 18 U.S.C. §§ 1962(d) and 1956(h) respectively), is not sentencing factor. This essential element was lacking in count one of the 'superseding information' and count twenty-four of the 'superseding indictment'.

Because both counts of Movant's charging instruments lacks this essential

3

element, the charging instruments are therefore 'fatally flawed'. Any sentence enhanced above the "Statutory Standard Sentencing Range" ("Guideline Base Offense Level") amounted to a constructive amendment of the charging instrument.

    2.    The United States Supreme Court in Blakely/Apprendi, supra, held "that anything that enhances the statutory standard sentencing range" ("Guideline Base Offense Level") is an essential element of the offense, not a sentencing factor. The essential element must be charged in the charging instrument.

Because the Supervised Release of (3) years was not charged in the charging instruments, Movnat's charging instruments lacks this essential element the charging instruments are therefore 'fatally flawed'. [Any] period of Supervised Release ordered constitutes an increase of the "Statutory Standard Sentencing Range" ("Guideline Base Offense Level") amounts to a constructive amendment of the charging instruments.

    3.    The United States Supreme Court in Blakely/Apprendi, supra, held "that anything that enhances the Statutory Standard Sentencing Range" ("Guideline Base Offense Level") is an essential element of the offense, not a sentencing factor. This essential element must be charged in the charging instrument.

Because the $20,000.00 fine was not charged in the charging instruments, Movant's charging instruments lacks this essential element, the charging instruments is therefore 'fatally flawed'. [Any] amount of fine ordered constitutes an increase of the "Statutory Standard Sentencing Range" ("Guideline Base Offense Level") amounts to a constructive amendment of the charging instruments.

**B.**    <u>Movant Was Denied his Right To Jury Trial Afforded By The Sixth Amendment To The United States Constitution.</u>

The trial court lacked jurisdiction to depart upward from a "Statutory Standard Sentencing Range" ("Guideline Statutory Base Offense Level") based on factors/elements that were not proven to a jury beyond a reasonable doubt, nor admitted by Movant, in violation of the Sixth Amendment to the Constitution of

4

the United States.

1.  The United States Supreme Court held in Blakely/Apprendi, supra, "that the enhancement for relevant conduct such as 'Managerial Role' as mentioned in ¶ (A)(1); Supervised Release as mentioned in ¶ (A)(2); and Fine as mentioned in ¶ (A)(3) hereinabove are essential elements and must be proven to a Jury "beyond a reasonable doubt."

The trial court lacked jurisdiction to depart upward from a Statutory Standard Sentencing Range (Sentencing Guideline "Base Offense Level") based on factors (other than a prior conviction) that was neither charged in the charging instruments, nor proven to a Jury beyond a reasonable doubt, in violation of the Fifth and Sixth Amendments to the United States Constitution.

The rule set forth in Apprendi, supra, is confined to facts "that increase the penalty for a crime beyond the prescribed Statutory Maximum. Id. 530 U.S. 490. (emphasis added).

The rule set forth in Blakely, supra, is confined to defining what the Statutory Maximum Penalty is as prescribed in Apprendi, supra. The Blakely Court defined the Statutory Maximum Penalty as the "Statutory Standard Base Offense Level".

The procedure in the United States Sentencing Reform Act of 1984/Title II of the Comprehensive Crime Control Act of 1984 [United States Sentencing Guidelines] for finding aggravating/enhancement facts necessary to impose an exceptional sentence upward violate the plain terms of the Apprendi rule. In Apprendi, the United States Supreme Court held that any fact that, "if found, exposes the criminal defendant to a penalty exceeding the maximum he would receive if punished according to the facts reflected in the [guilty] verdict alone" must be charged in the indictment and proven to a jury beyond a reasonable doubt. Id. 530 U.S. 466, 483 (2000). Aggravating/Enhancement facts under the Act have this precise effect. By finding such a fact, a sentencing court may impose a sentence

that is longer than the top of the otherwise mandatory statutory standard sentencing range. Yet the Act permits Judges (not juries) to find aggravating/enhancement facts, and the applicable standard is a preponderance of the evidence (not beyond a reasonable doubt standard).

In Movant's particular case, in count one of the 'superseding information' U.S.S.G. § 2E1.1 has a "Statutory Standard **Base** Offense Level of ninteen (19)" (with the three level downward adjustment for acceptance of responsibiltity) adjusted to level sixteen (16). "Statutory Standard **Base** Offense Level sixteen (16) subjects Movant to a "Statutory Standard Sentencing Range" of twenty-one to twenty-seven (21-27) months based on the facts encompassed in the charging instruments and admitted by Movant. ("E.R. four, p. 7 - p. 26, line 24").

The trial court, using the "by a preponderance of the evidence standard," rather than the beyond a reasonable doubt standard, found aggravating/enhancement factors/elements--

> **(i)** Defendant's adjusted offense level on count one of the 'superseding information' is **23** under U.S.S.G. §§ 2E1.1(a)(2), 2E2.1(a), 2E3.1(a)(1) and 3B1.1(c) (2-point aggravating role).
> **(ii)** Defendant's adjusted offense level on count 24 of the 'superseding indictment' is **17** under U.S.S.G. §§ 2S1.1(a)(1), (b)(2)(B), nad 3B1.1(b)(3)(3-point aggravating role).
> **(iii)** Under U.S.S.G. §§ 1B1.1(d) and 3D1.3(a) combined adjusted offense level (i.e., before consideration of acceptance of responsibility) is **23**.
> **(iv)** Defendant falls in Criminal History Category I.
> **(v)** Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction, Defendant's adjusted offense level under U.S.S.G. § 3E1.1 is **20**.

In Movant's particular case, in count twenty-four of the 'superseding indictment' U.S.S.G. § 2S1.1 has a "Statutory Standard **Base** Offense Level of fourteen (14)(with the three level downward adjustment for acceptance of responsibility adjusted to level eleven (11). "Statutory Standard Sentencing Range" of eight to fourteen (8-14) months based on the facts encompassed in the charging instrument and admitted by Movant. ("E.R. four, p. 19, line 7 - p. 26, line 24").

6

The trial court, using the "by a preponderance of the evidence standard," rather than the beyond a reasonable doubt standard, found aggravating/enhancement factors/elements--(see items **(i)-(v)** in the foregoing paragraph (B)(1)--that enabled it to impose a sentence that was six (6) months longer than the twenty-seven (27) month statutory limit. In direct violation of Blakely/Apprendi, the[se] aggravating factors were neither plead in the charging instruments, nor proven to a Jury beyond a reasonable doubt.

In Blakely, supra, the United States Supreme Court, June 24, 2004 revisited Apprendi, supra, to refine the meaning of the Sixth Amendment's jury trial right. Under Apprendi, any fact, other than a prior conviction, that increases a defendant's sentence beyond the applicable [S]tatutory Maximum **must** be submitted to a jury and proven beyond a reasonable doubt. The central issue in the Blakely case was whether the standard sentencing range (Sentencing Guideline Range) [or] the exceptional sentence is the statutory maximum sentence for Apprendi purposes. The Supreme Court held "that any factor that increases the Sentencing Guideline Range, like Apprendi **must** meet the proof beyond a reasonable doubt standard, rather than the previous, by a preponderance of the evidence standard.

Movant, like petitioner in Blakely, supra, avers that this sentencing procedure deprived him of his federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence.

The difference between the 33-month sentence imposed, and the 27-month maximum sentence that could have been imposed but for ineffective assistance constitutes Strickland prejudice. See also Glover v. United States, 531 U.S. 198, 121 S.Ct. 969, 148 L.Ed.2d 604 (2001).

## CONCLUSION

Movnat asks this court for leave to file his pro se., Motion Under 28 U.S.C. § 2255, To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (attached hereto for reference [and] filing). Upon granting leave and/

or alternatively, prior to denying leave, Movant would ask the court for leave to brief his § 2255 in 'Memorandum of Law' form, In support of his § 2255 within 15 days of this court's order, so as this court could make a more informed decision as to whether Movant's waiver(s) of rights are voidable.

**WHEREFORE, PREMISES CONSIDERED,** Movant prays this Honorable Court for the relief moved for herein-above and any and all other and further relief deemed proper and just by this court.

Done this the 14 day of September 2004.

Respectfully submitted,

*Emilio Fusco*

EMILIO FUSCO
Movant/Defendant pro se.,
Fed. Reg. No. 02689-748
Federal Correctional Institution
P.O. Box 7000/West
Fort Dix, New Jersey 08640

### JURAT

I hereby affirm under the penalty of perjury that the foregoing is true and correct.

Executed this the 14th day of September 2004.

*Emilio Fusco*

MOVANT/DEFENDANT
EMILIO FUSCO

8