


**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*1 Courthouse Way, Suite 9200*
*Boston, Massachusetts 02210*

May 22, 2003

Anthony M. Cardinale, Esq.
Cardinale & DiMauro, LLC
655 Summer Street
Boston, MA 02210

Re: <u>United States v. Emilio Fusco</u>,
    Criminal No. 00-30036-MAP

Dear Mr. Cardinale:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Emilio Fusco ("Defendant"), in the above-captioned case. This agreement is part of a global resolution of the two cases – No. 00-30036-MAP and No. 01-30024-FHF – involving defendants Anthony J. Delevo, Albert Scibelli, Emilio Fusco, Jenny C. Santos-Fusco, Carmine Manzi, Giuseppe Manzi, Todd Illingsworth, Ralph Santaniello, Andrew Scibelli, Vincent Canavan, Franco Decaro, Anthony Grasso, Antonio Esposito, Michael Tancrati and Robert Gossman. This offer is conditioned upon the acceptance of simultaneous offers made to each of the codefendants and is null and void if any of the codefendants reject the offer to plead guilty. The Agreement as to your client is as follows:

1. **Change of Plea**

At the earliest practicable date but in no event later than June 4, 2003, Defendant shall waive indictment and plead guilty to Count One of the attached Superseding Criminal Information, charging a conspiracy to participate in the affairs of an enterprise through a pattern of racketeering. Defendant shall also plead guilty to Count 24 of the Superseding Indictment, charging a conspiracy to engage in financial transactions with intent to promote specified unlawful activity. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in Count One of the

Superseding Criminal Information and Count 24 of the Superseding Indictment, and is in fact guilty of those offenses. The U.S. Attorney agrees to dismiss counts 1, 2, 3, 7, 8, 9, 10, 11, 12, 13, 14, 20, 21, 22, 23, 25, and the Forfeiture Allegations of the Superseding Indictment following the imposition of sentence.

2. **Penalties**

Defendant faces the following maximum penalties: 1) on Count One of the Superseding Criminal Information, 20 years' imprisonment, up to three years on supervised release, a fine of up to $250,000.00, forfeiture in an amount to be determined by the Court at sentencing, and a special assessment of $100; 2) on Count 24 of the Superseding Indictment, 20 years' imprisonment, up to three years on supervised release, a fine of up to a) $500,000.00, or b) twice the value of the property involved in the transactions, whichever is greater, and a special assessment of $100.00.

3. **Sentencing Guidelines**

The parties will take the following positions at sentencing under the United States Sentencing Guidelines:

a) Defendant's adjusted offense level on Count One of the Superseding Criminal Information is 23 under U.S.S.G. §§ 2E1.1(a)(2), 2E2.1(a), 2E3.1(a)(1) and 3B1.1(c) (2-point aggravating role).

b) Defendant's adjusted offense level on Count 24 of the Superseding Indictment is 17 under U.S.S.G. § 2S1.1(a)(1), (b)(2)(B), and 3B1.1(b) (3-point aggravating role).

c) Under U.S.S.G. §§ 1B1.1(d) and 3D1.3(a), Defendant's combined adjusted offense level (i.e., before consideration of acceptance of responsibility) is 23.

d) Based on the parties' preliminary calculations, Defendant falls within Criminal History Category I.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

2

   (a)  Fails to admit a complete factual basis for the plea;

   (b)  Fails to truthfully admit his conduct in the offenses of conviction;

   (c)  Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

   (d)  Fails to provide truthful information about his financial status;

   (e)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

   (f)  Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

   (g)  Intentionally fails to appear in Court or violates any condition of release;

   (h)  Commits a crime;

   (i)  Transfers any asset protected under any provision of this Agreement; and/or

   (j)  Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

4.   **Sentence Recommendation**

The U.S. Attorney agrees to recommend the following sentence before the District Court:

3

    (a)    Incarceration within the guideline range as determined by the Court (reserving the right to recommend a sentence at the high end of the guideline range);

    (b)    A fine within the guideline range as determined by the Court;

    (c)    Forfeiture as set forth in paragraph 11;

    (d)    The mandatory special assessment; and

    (e)    A term of supervised release.

The U.S. Attorney and the Defendant agree to take the position that there is no basis for a departure from the guideline range as determined by the Court.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. __Payment of Mandatory Special Assessment__

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. __Protection of Assets for Payment of Restitution, Forfeiture and Fine__

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

    (1)    Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $20,000.00;

    (2)    Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to

4

whom he owes a legal duty of support, so long as such assets do not exceed $5,000.00 per month; and

(3) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Superseding Indictment and Superseding Criminal Information are satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7. **Waiver of Rights to Bring Collateral Challenge**

Defendant is aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to collaterally challenge:

(1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

(2) The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which will be advocated by the U.S. Attorney with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines; and

(3) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the U.S. Attorney or Defendant with regard to the application of the U.S. Sentencing Guidelines.

5

Defendant's waiver of rights to bring collateral challenges shall not apply to challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

Defendant's waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the District Court misunderstood the scope of its authority to depart from the applicable Sentencing Guidelines range, where the District Court states on the record at sentencing both its desire to depart and the basis on which it would depart if it had the legal authority to do so.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

8.    <u>Waiver of Hyde Amendment Claim</u>

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions made by the U.S. Attorney in this Agreement, Defendant voluntarily and knowingly waives any claim that he might assert under this statute based in whole or in part on the U.S. Attorney's agreement in paragraph 1 to dismiss counts 2, 3, 7, 8, 9, 10, 11, 12, 13, 14, 20, 21, 22, 23, 25, and the Forfeiture Allegations of the Superseding Indictment.

9.    <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

6

10. **Forfeiture**

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. § 1963 as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

Defendant hereby acknowledges and agrees that the United States is not limited to forfeiture of the assets specifically listed in the Criminal Information. If the U.S. Attorney determines that any directly forfeitable assets of Defendant cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty, then the United States shall be entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the directly forfeitable assets fitting any of the categories described in this sentence.

The U.S. Attorney agrees to withdraw his forfeiture claims against the real property and buildings located at 167 Kenmore Drive, Longmeadow, Massachusetts.

Forfeiture of substitute assets shall not be deemed an alteration of Defendant's sentence. The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Defendant, nor shall the forfeitures be used to offset Defendant's tax liability or any other debt owed to the United States.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

11. **Information For Presentence Report**

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

7

12. **Civil Liability**

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

13. **Rejection of Plea By Court**

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

14. **Breach of Agreement**

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

15. **Who Is Bound By Agreement**

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

8

16. **Complete Agreement**

This letter contains the complete agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Andrew Levchuk.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:_____
KEVIN O'REGAN
Assistant U.S. Attorney
Chief, Springfield Division

ANDREW LEVCHUK
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*Emilio Fusco*
EMILIO FUSCO
Defendant

Date: 5/27/03

I certify that Emilio Fusco has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

*Anthony M. Cardinale*
ANTHONY M. CARDINALE, Esq.
Attorney for Defendant

Date: 5/27/03

10