```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS
```

EMILIO FUSCO,                  )
Petitioner                     )
                               )
            v.                 )  CIVIL ACTION NO. 04-30193-MAP
                               )
UNITED STATES OF AMERICA,      )
Respondent                     )

<u>MEMORANDUM AND ORDER REGARDING MOTION FOR
POST CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255</u>

April 5, 2005

**PONSOR, D.J.**

On December 20, 2000, a federal grand jury indicted the petitioner on racketeering and related charges arising out of a gambling and loan-sharking conspiracy. On June 4, 2003, the petitioner, while represented by able counsel, pled guilty to racketeering and money laundering. Pursuant to his plea agreement, the petitioner agreed that his offense level, with a two-level enhancement for an aggravating role in the offense, and a three-level reduction for acceptance of responsibility, was twenty. With a criminal history category of "I" the Sentencing Guideline range was thirty-three to forty-one months.

The court, on September 19, 2003, imposed a sentence of thirty-three months, the low end of the Guideline range, to be followed by three years of supervised release. The petitioner took no appeal of this judgment. Significantly, in the plea

agreement the petitioner waived his right to bring any sort of collateral challenge to his sentence, except in certain narrow circumstances. Nevertheless, on September 20, 2004, this petition to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 was filed.

The petitioner offers two reasons in support of this claim. First, he charges that his sentence was illegal under the Supreme Court's decision in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), because the court, not a jury, found facts which led to an enhancement of his sentence. He also contends that his waiver of his right to trial was invalid because of ineffective assistance he received from counsel.

The petitioner's <u>Blakely</u> argument carries no weight, because the <u>Blakely</u> decision is not to be applied retroactively to criminal cases, such as this one, on collateral review. Morever, the petitioner has waived his right to seek collateral review of the decision as part of his plea agreement. The exceptional circumstances mentioned in the waiver do not apply here.

Second, the petitioner's failure to pursue a direct appeal following his sentencing means that these issues may be raised under 28 U.S.C. § 2255 only in exceptional circumstances not pertaining here. <u>United States v. Frady</u>, 456 U.S. 152 (1982).

Third, nothing in the performance of petitioner's highly experienced attorney could be remotely construed as constituting ineffective assistance of counsel. The failure of counsel to foresee the Supreme Court's <u>Blakely</u> decision, which was handed down several months after the defendant's sentencing, certainly does not constitute the sort of substantial dereliction that would satisfy this rigorous standard.[1]

In conclusion, for the foregoing reasons, the petition to vacate, set aside or correct the sentence is hereby DENIED. The clerk will enter a judgment of dismissal in this case. This matter may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
United States District Judge

---

[1] It is worth noting that, even in the new sentencing regime following the Supreme Court's recent <u>Booker</u> decision, the court would determine, as a matter of its own discretion, that a thirty-three month sentence is reasonable in this case.